## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **(1) ARDIS GLOVER,** ) | |
| ) | |
| **Plaintiff,** ) | **Case No. 20-419-R** |
| ) | |
| **vs.** ) | |
| ) | |
| **(1) MIDLAND CREDIT MANAGEMENT, INC.,** ) | |
| **and** ) | |
| **(2) LOVE, BEAL, and NIXON, P.C.,** ) | |
| ) | |
| **Defendants.** ) | |

### REPLY TO MOTION TO ENFORCE SETTLEMENT AGREEMENT

**TO THE HONORABLE COURT:**

**COMES NOW** Plaintiff, Ardis Glover, and hereby submits here Reply to her

Motion to Enforce Settlement Agreement [Dkt. 14].  In support, Plaintiff respectfully

shows this Court the following:

### RESPONSE TO DEFENDANTS' ADDITIONAL MATERIAL FACTS

1.      Plaintiff disputes Defendants' Additional Material Fact Number 1 to the

extent that it mischaracterizes the agreement to settle reached by the parties was for

"financial consideration" only. An agreement to settle the matter *in whole* was reached

between the parties on July 22, 2020, when Defendants accepted Plaintiff's July 17, 2020

settlement offer without any exceptions or additional terms.

The terms of the settlement were simple: 1) payment by Defendants to Plaintiff of

$11,000, and 2) release of the state court judgment against Plaintiff in the State Court

Acton.  (*See* <u>Ex. 1-H</u>, Plaintiff's Motion, Dkt. 14, Email from Courtney Powell to Victor

Wandres, dated July 22, 2020).  Prior to acceptance by Defendants, there was never any

discussion regarding other terms (such as confidentiality) that Defendants later required

in order for Plaintiff to receive payment.

Plaintiff admits that *post-acceptance*, Defendants' counsel sent Defendant's

Exhibit 4 to Plaintiff regarding payment of the settlement amount, but such

communication only proves that Defendants considered the matter settled as of July 28,

2020, the date of the communication. Plaintiff admits that *post-acceptance*, Defendants'

counsel sent Defendant's Exhibit 4 to Plaintiff proposing additional, material terms. See

Plaintiff's Motion at ¶13.

2.      Plaintiff disputes Defendants' Additional Material Fact Number 2 to the

extent that it mischaracterizes Plaintiff's attempts to try to avoid court involvement. As

the several emails that Defendants have attached as exhibits show, Plaintiff has attempted

to resolve this dispute prior to filing the current motion. However, court involvement

became necessary when Defendants advised that confidentiality was a necessary term,

even though such term was never discussed prior to acceptance. (*See* <u>Ex. 1-M</u>, Dkt. 14,

Email from Courtney Powell to Victor Wandres, dated August 28, 2020).

3.      Plaintiff admits Defendants' Additional Material Fact Number 3, that

Defendants sent a release containing numerous additional, material terms on July 31,

2020.

4.      With respect to Defendants' Additional Material Fact Number 4, in attempt

to avoid Court involvement, Plaintiff attempted to modify the release provided by

Defendants.  However, such modifications were rejected by Defendants. (*See* Plaintiff's

Motion at ¶14 and <u>Ex. 1-L</u>, Email and red-lined release agreement from Victor Wandres

to Courtney Powell, dated August 25, 2020).

     5.     With respect to Defendants' Additional Material Fact Number 5, Plaintiff

admits that her counsel sent Defendant's Exhibit Number 9 stating that the matter had

been settled and that confidentiality was not agreeable, especially in light of the

allegations contained in Plaintiff's Complaint regarding the unknown nature of the

original creditor of the account allegedly purchased by Defendants.

## ARGUMENT

In their Response, Defendants grasp at every additional email sent by counsel for

Plaintiff after Defendants' July 17, 2020 unqualified acceptance.  However, Plaintiff's

counsel's e-mail communications with opposing counsel were not "deteriorating

negotiations" as Defendant characterized them in their Response. Instead, Plaintiff's post-

acceptance email communications were simply attempts to avoid having to file the

present Motion.

Plaintiff does not dispute Defendants' proposition that an acceptance is not

binding unless it is "unconditional, identical to the offer, and does not modify, delete or

introduce any new terms into the offer." *See* Defendants' Response at p. 6, quoting *Ollie*

*v. Rainbolt*, 669 P.2d 275, 280 (Okla. 1983).  However, that is precisely what

Defendants' July 17, 2020 unqualified acceptance did.  It was unconditional, it was

identical to the offer, and it did not modify, delete or introduce any new terms.

Defendants now argue that the terms of the agreement "were not specific enough to constitute a contract," citing *O'Neal v. Harper*, 75 P.2d 879 (Okla. 1937). Defendants make no attempt to cite what part of the *O'Neal* decision is relevant to their argument and do not provide a pin cite to allow the Court or Plaintiff to glean such information. The Oklahoma Supreme Court in *O'Neal* found that there was "no meeting of the minds" because purchase price and terms its payment formed an essential part of the transaction. *Id.* at ¶15. The Response does not elaborate on what "material parts" of the agreement that Defendants now claim there was no meeting of the minds.

Defendants also cite *In re De-Annexation of Certain Real Property from City of Seminole,* 2009 OK 18, ¶ 8, 204 P.3d 87, 89, for their proposition that there was no mutual assent to the settlement. Response at p.7. However, in *City of Seminole,* there was never the unqualified acceptance as Defendants provided to Plaintiff in this matter. Instead, in *City of Seminole,* the Oklahoma Supreme Court found that there was no unqualified acceptance due to one of the parties inserting a new provision into the written offer of settlement. *Id.* at ¶13. The *City of Seminole* court found no settlement had occurred because *the party claiming settlement* had inserted a new requirement demonstrating that a counteroffer was made. *Id.*

In the case at bar, Plaintiff is not claiming that the settlement should contain any terms other than what Defendants agreed to on July 17, 2020: payment of $11,000, plus a release of Defendants' judgment against her. Additionally, there was no "piecemeal" approach to contract formation. The parties had limited, written-only discussions regarding settlement, all of which have been filed as exhibits in this matter. The parties

had only discussed the two terms prior to Defendants' unqualified acceptance. The Court

should not be persuaded by Defendants' attempt to mischaracterize Plaintiff's post-

settlement discussions with opposing counsel seeking to avoid court involvement as pre-

acceptance settlement discussions. By doing so, it would remove incentive for the parties

to try to work out disagreements prior to requesting assistance from the Court.

If Defendants wanted the settlement terms that they first communicated *post-*

acceptance in their proposed release, those terms should have been provided to Plaintiff

as a counter-offer prior to acceptance and seeking Plaintiff's assistance with notification

of the Court regarding settlement.

2.      **Plaintiff is entitled to Attorney Fees for her Time in Preparing this**

**Motion**.

Defendant claims that their actions were not in bad faith. However, such a position

is not supportable as Defendants actions have caused unnecessary delay. Over three

months ago, Defendants bargained with Plaintiff for an early settlement, prior to any

discovery, countered with Plaintiff, and then later accepted Plaintiff's offer without

qualifications. Defendants benefitted by avoiding the costs of litigation on a disputed

claim against them. Then, instead of complying with the terms of the agreement,

Defendants thereafter refused to tender the settlement amount or release the judgment

against Plaintiff unless Plaintiff agreed to numerous additional terms contained in

Defendants' release, forcing Plaintiff to file the present Motion or forgo the settlement

she bargained for. Defendants' actions have caused not only delay in Plaintiff's attempt

to obtain justice but have also caused waste to the Court's resources in having to now decide this matter.

The Oklahoma Supreme Court has analyzed what is considered "bad faith" in the context of litigation. The Court has found bad faith when a claim was made for "oppressive, abusive or wasteful" reasons. *Beard v. Richards*, 820 P.2d 812, 816 (Okla. 1991). The *Beard* Court held that "a 'bad faith' claim is strictly limited to mean oppressive, abusive or wasteful claims; that is, the claim is made for oppressive reasons such as delay, *Melinder v. Southlands Development, Inc*., 715 P.2d 1341 (Okla. 1985), or in abuse of the judiciary and waste of public revenue, *City National Bank & Trust Co. v. Owens*, 565 P.2d 4 (Okla. 1977)." *Beard*, at 816. *See generally, Marx v. General Revenue Corp*., 668 F. 3d 1174, 1179-1180 (10th Cir. 2011) (discussing issue of bad faith with respect to a defendant debt collector's assertion that a consumer brought claims in bad faith and for the purposes of harassment).

Additionally, Plaintiff's claims in her Complaint were brought under a fee-shifting statute, 15 U.S.C. §1692k(a)(3), which allows the Court to award Plaintiff her attorney fees in the event of a successful action against a debt collector under the statute. The statute provides:

> (3)in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

Although Plaintiff makes no argument that she is to be considered the prevailing party as a result of the settlement with Defendants, Plaintiff submits that by awarding her attorney fees in bringing this Motion, the Court would further the purposes of the remedial, Fair Debt Collection Practices Act. "Because the FDCPA, like the Truth in Lending Act (TILA), 15 U.S.C. § 1601 et seq., is a remedial statute, it should be construed liberally in favor of the consumer." *Johnson v. Riddle*, 305 F. 3d 1107, 1117 (10th Cir. 2002).

## **CONCLUSION**

For these reasons, Ardis Glover respectfully requests that the Court grant Plaintiff's Motion to Enforce and award her attorney fees and costs for bringing such motion.

Respectfully submitted,

/s/ Victor R. Wandres
Victor R. Wandres, OBA #19591
PARAMOUNT LAW
1202 E. 33rd Street
Tulsa, OK 74105
(918) 200-9272 voice
(918) 895-9774 fax
victor@paramount-law.net
Attorney for Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 27, 2020, a copy of the foregoing document was filed electronically with the Clerk of the Court using the Court's CM/ECF electronic filing system, which will send an electronic copy of this filing to all counsel of record.

*/s/ Victor R. Wandres*
